Herbert G. Grey, OSB # 81025
4800 SW Griffith Drive, Suite 320
Beaverton OR 97005-8716
Tel. 503 641-4908
Fax 503 641-8757
hgrey.law@gte.net

Kelly E. Ford, OSB # 87223
KELLY E. FORD, P.C.
4800 SW Griffith Drive, Suite 320
Beaverton OR 97005-8716
Tel 503 – 641-3044
Fax 503 641-8757
kford.law@gte.net

John M. Lotz (pro hac vice motion pending)
California Bar No. 186944
26895 Aliso Cr. Rd., Ste B209
Aliso Viejo CA 92656-5301
Tel 949-215-9283
Fax 949-215-9284
law@jmlesq.com

Attorneys for Plaintiff Edward Gathright

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

EDWARD GATHRIGHT

Plaintiff,

vs.

CITY OF PORTLAND, OREGON, a
Municipal corporation, and PIONEER
COURTHOUSE SQUARE, INC., an
Oregon nonprofit corporation,

Defendants.

Case No.: 03-CV '03  0130  FR

COMPLAINT
CIVIL RIGHTS – 42 USC § 1983
MONETARY AND EQUITABLE RELIEF
JURY TRIAL REQUESTED

ORIGINAL

Page 1 - COMPLAINT

## I.     INTRODUCTION

1.1     Plaintiff is an evangelical Christian who, as a central part of the practice of his faith, engages in open air preaching to members of the general public.  As a consequence of his exercise of his religious beliefs, he has been subjected to a pattern of harassment, exclusion from public property and even arrest by the defendants, whom he alleges violated his rights under the first amendment to the United States  Constitution to freedom of religion and freedom of speech and his right under the fourth amendment of the United States Constitution not to be subjected to unreasonable seizures.

1.2     Plaintiff seeks relief pursuant to 42 USC § 1983 in the form of preliminary and permanent injunctions, declaratory relief and money damages.

## II. JURISDICTION

2.1     Federal Question jurisdiction exists pursuant to 28 USC §  1331.

2.2     Civil Rights jurisdiction exists pursuant to 28 USC §  1343.

## III PARTIES.

3.1     The plaintiff is a Christian who believes that he has the solemn religious obligation to spread the Gospel of Jesus Christ to the world at large, something that he does in a practice known as open air preaching in parks and on streets in the City of Portland and elsewhere.

3.2     Defendant City of Portland is a municipal corporation formed under the laws of the State of Oregon and is the owner of the fora where the events of this case took place, all of which are parks and streets in the City of Portland.

3.3     Defendant Pioneer Courthouse Square, Inc. ("PCS") is an Oregon nonprofit corporation that operates a public park in the center of the city known as Pioneer Courthouse Square ("Pioneer Square"), pursuant to a contract with the defendant City.

Page 2 - COMPLAINT

## IV. FACTUAL ALLEGATIONS

4.1 Over the last several years, plaintiff has attempted to conduct his open air preaching in various locations in the City of Portland, including Pioneer Square and Waterfront Park. Both areas are traditional public fora.

4.2 Plaintiff's preaching includes making oral statements as well as carrying signs and banners with written religious messages.

4.3 Open air preaching is an essential part of plaintiff's religious practice and requires that he contact members of the general public to spread the Christian Gospel.

4.4 On numerous occasions, plaintiff has been required to remove himself from public sidewalks and locations in Pioneer Square and Waterfront Park on threat of arrest for trespass on the sole basis that individual "persons in charge" of public events sponsored by private organizations taking place near plaintiff's activities have requested that plaintiff be forced to leave the vicinity of their public events. On two occasions, plaintiff has been arrested for his preaching activities at such events.

4.5 The basis for Plaintiffs' trespass arrests and threatened arrests were the following: (i) plaintiff's alleged violation of Portland City Ordinances, No. 20.08.060, which makes it a crime to unreasonably interfere with a park permittee's use of a park, (ii) his alleged violation of Portland city Ordinance No. 20.12.240, which makes it a crime to refuse to obey any reasonable request of a police officer in a park (or similar state statute), and (iii) his refusal to honor the purported authority of "persons in charge" of public events in the parks, who are representatives of the private organizations sponsoring the events, to exclude him from preaching and carrying signs at the events when he is not violating any valid law.

4.6 Ordinance No. 20.08.060 was held unconstitutional on its face on first amendment overbreadth grounds by Oregon Circuit Court Judge Henry Kantor in *City of Portland v. Daniel Lee,* Multnomah Co. Circuit Ct. Case No. 9907-46965, decided

Page 3 - COMPLAINT

November 22, 1999, which the City did not appeal. The ruling is binding on the City for all purposes. It states the following restriction on the City's ability to regulate protected speech during a permitted event in a City park:

> "If the speech is so loud that it violates the City's excessive noise ordinances, enforce them. If the speech is accompanied by conduct which violates the harassment laws, enforce them. When a permittee rents the [Pioneer Courthouse] Square, it gets the Square as a public forum, with all of its constitutionally-allowed adjuncts such as preachers with loud (but not too loud) voices." Opinion and Order at 6.

4.7 There is no source of law permitting private event organizers to exclude anyone from Pioneer Square or Waterfront Park (or any other park) for any reason other than the violation of a valid state statute, city ordinance, or City of Portland park rule.

### First Event – Dalai Lama at Pioneer Square.

4.8 On or about May 13, 2001, plaintiff was present and preaching at Pioneer Square during the preliminary phase of the Dalai Lama visit, called "Pathways to Peace Welcoming Festival", sponsored by Northwest Tibetan Cultural Association. The event was open to the public without charge. Plaintiff's activities occurred before any formal activities of the event during a time when a radio station was being broadcast over the public address system at the event. He did not block access or prevent any attendee from engaging in any activity.

4.9 The event organizer's person in charge Patrice Thramer requested plaintiff to leave, and requested the officer(s) of the Portland Police Bureau (PPB) present to take action to remove plaintiff from the event.

4.10 PPB Officers Waddell, Powell, and Hauntsperger ordered plaintiff to leave Pioneer Square due solely to Thramer's request. Plaintiff and the PPB officers engaged in discussion concerning plaintiff's rights to be present during the event. Plaintiff continued to assert his right to preach during a permitted event. Plaintiff informed the officers of Judge Kantor's decision holding PCC 20.08.060 unconstitutionally overbroad

Page 4 - COMPLAINT

on its face. One or more PPB officers told plaintiff that the event organizer has the right to exclude anyone and that he would be arrested if he did not leave and remain outside the boundary of the event.

4.11  To avoid immediate arrest, plaintiff left the event site, under physical escort from PPB officers Powell and Hauntsperger, who informed plaintiff he was excluded from Pioneer Square under threat of trespass. No written exclusion order was issued.

4.12  Powell and or Hauntsperger then informed Plaintiff a purported new ordinance in title 20 of the City Code (Parks), which they stated was then about eight weeks old, allegedly providing that event organizers may exclude persons from any area under which they have control. That was the alleged ordinance the officers relied upon to exclude plaintiff. No such ordinance exists.

4.13  Plaintiff broke no valid law, ordinance, or park rule during this incident.

### Second Event -- 2001 Gay Pride Festival at Waterfront Park.

4.14  On or about June 17, 2001, plaintiff was present and preaching in Waterfront Park during the Pride NW, Inc. Gay Pride Festival event. The event was open to the public, without charge.

4.15.  During the event, plaintiff wore a sandwich sign within the event boundary, in violation of a private rule specific only to the event, promulgated by the event organizer, which is a private organization. Plaintiff did not block access or prevent any attendee from engaging in any activity. The person in charge for the event's organizer, a private organization, was Linda K. Williams. Ms. Williams excluded plaintiff from the event for violation of the event's rule against carrying signs, and for interfering with the event, citing the event rules and "Interference with permitted events," apparently referring to Ordinance 20,08.060. The written exclusion order was completed by a PPB officer and simply signed by Ms. Williams.

Page 5 - COMPLAINT

4.16  Defendant City of Portland, acting through its officer, Sgt. William Hauntsperger, enforced the exclusion by informing plaintiff he would be subject to arrest for trespass if he returned to the event area during the exclusion period, which was the remainder of the event that day.

4.17  Plaintiff left rather than be arrested for violation of the exclusion order. Plaintiff broke no valid law, ordinance, or park rule during this incident.

### Third Event – 2001 Aids Walk at Pioneer Square.

4.18  On or about September 22, 2001, plaintiff was present and preaching at Pioneer Square, at the Cascade Aids Project Aids Walk event. The event was open to the public, without charge.

4.19  Plaintiff preached at various locations on Pioneer Square during the preliminary phases of the event. He interacted with various event participants, but did not block access or prevent any attendee from engaging in any activity.

4.20  Cascade Aids Project's person in charge Jose Ayala sought to have plaintiff excluded from the event for the stated reason that during the preceding year's event, plaintiff had been involved in an incident with an attendee. In that incident the previous year, the attendee assaulted plaintiff and had been arrested by plaintiff using a citizen's arrest. The police refused to arrest the assailant, arrested plaintiff, who was charged, tried, and acquitted of all charges. Ayala also expressly objected to the content of plaintiff's speech as a basis for excluding him.

4.21  Private security personnel employed by the event organizer and/or defendant PCS, Inc. placed plaintiff under arrest, unnecessarily using pain compliance techniques, and held plaintiff in custody until the arrival of PPB officer Jami Resch.

4.22  PPB officer Jami Resch arrested plaintiff for Trespass II at the request of the event organizer Ayala, solely for the reasons stated, and took him into custody and

Page 6 - COMPLAINT

booked him for violation of Trespass II, ORS 164.245(1). The District Attorney's office did not charge or prosecute plaintiff.

### Fourth Event -- 2002 Gay Pride Festival at Waterfront Park.

4.23 On or about June 16, 2002 plaintiff was present in Waterfront Park at the Pride NW, Inc. Gay Pride Festival event. The event was open to the public, without charge. Plaintiff at first simply carried a sign on the sidewalk outside the event area, and in a traffic island in Naito Parkway, which was closed to traffic at the time due to an event parade to terminate at that location. The parade had not reached the location at the time. Plaintiff began to preach while standing in the traffic island.

4.24 Some attendees at the event became irate at plaintiff's message and engaged him in argument. PPB officer Phothivongsa came up to plaintiff and told plaintiff to leave for inciting a riot. PPB officer Barnum appeared and told plaintiff substantially the same thing. Plaintiff asserted his right to remain, to exercise his first amendment rights to freedom of speech and religion in the public forum.

4.25 Plaintiff returned to the brick sidewalk in Waterfront Park adjacent to the event area and preached at that location. There, a private security officer for the event organizers told plaintiff to leave because he was in the event area and interfering with the event. Plaintiff was not in the event area at the time, but was on a public sidewalk. PPB officers Sgt. Parks and Officer Barnum informed plaintiff at that location that the event organizer had decided to exclude him from the event and that he must leave, and go either north of the Burnside Bridge or south of the Morrison Bridge until the event was concluded.

4.26 Plaintiff returned to the traffic island in Naito Parkway and preached some more. PPB Sgt. Parks and Officer Barnum told him to leave or be arrested for trespass. Gathright left briefly, then returned to the island, where he spoke to Parks and Barnum

again.  Plaintiff again asserted his constitutional right to speak freely. At no time during the events described did plaintiff block access or prevent any attendee from engaging in any activity. Parks and Barnum acknowledged to plaintiff that he would be arrested for trespass if he did not leave.  Barnum then told plaintiff he would be arrested if he did not leave in five seconds. Plaintiff began to leave, but Parks and Barnum arrested him for Criminal Trespass II and Failure to Obey Police at an Assembly, PCC 14.24.100.  Plaintiff was held in custody, booked and released.

4.27  The District Attorney pressed charges against plaintiff for Criminal Trespass II under ORS 164.245(1) and for Interfering with a Peace Officer under ORS 162.247(2). Plaintiff was tried at a bench trial before the Honorable Ronald E. Cinneger, Circuit Judge for Multnomah County, in *State of Oregon v. Edward Joseph Gathright*, Multnomah Co. Circuit Court Case No. 02-07-46814. While announcing his acquittal of plaintiff on both charges, Judge Cinneger stated from the bench that he believed the officers lacked constitutional authority to order plaintiff to leave in the absence of evidence that an attack on plaintiff was imminent.

### Fifth Event – 2002 Fiesta Italiano at Pioneer Square.

4.28 On or about August 24, 2002, plaintiff went to Pioneer Square with his wife and children to preach, and discovered the Fiesta Italiano event in progress there. The event was open to the public, without charge.

4.29 Plaintiff preached outside the fenced beer garden area, and on the west and north sides of the square. Plaintiff did not block access or prevent any attendee from engaging in any activity.  The event organizer's person in charge, Harold Bob Tommaso, requested that the PPB officers present, Officers Coffee and Bahlke, enforce his decision to exclude plaintiff from the event, due to his preaching.  Gathright discussed the matter with officers Coffee and Bahlke, and informed them of Judge Kantor's ruling holding the noninterference with permitted event ordinance facially

Page 8 - COMPLAINT

unconstitutional. The officers informed plaintiff that while they believed they did not have the authority as police officers to exclude plaintiff from Pioneer Square for preaching during a permitted event, they did have the authority and the obligation to enforce Tommaso's decision to exclude plaintiff.

4.30  The officers ordered plaintiff to leave or be arrested for trespass, and plaintiff left with his family under direct threat of arrest for trespass. Plaintiff was not accused of breaking, nor did he break, any law, valid ordinance, or park rule.

### Sixth Event -- 9/11/2002 Anniversary Commemoration at Pioneer Square.

4.31  On or about September 11, 2002, plaintiff and other street preachers were present at Pioneer Square. The square was under permit at the time for the 9/11 anniversary commemoration event "Evening of Remembrance" sponsored by United Way of the Columbia Willamette. The event was open to the public without charge.

Plaintiff and the preachers he was with did not engage in loud preaching while on Pioneer Square, but instead focused on presenting a pictorial anti-abortion message and spoke one on one with attendees. Plaintiff did not block access or prevent any attendee from engaging in any activity.

4.32  The organizer's person in charge asked the PPB officer present, whose identity is not known to plaintiff, to make plaintiff and the other preachers leave. Defendant City of Portland, acting through one or more PPB officers, informed one of the street preachers he would be arrested for both trespass and for unlawful interference with a permitted event if he did not leave Pioneer Square entirely. The preacher told the police officer that the ordinance prohibiting interference with a permitted event had been held unconstitutional in 1999, but the officer did not change his order. Afterward, a PPB officer told plaintiff he would be arrested for trespass if he did not  leave Pioneer Square entirely. Neither preacher was permitted to remain on the sidewalks adjacent to the Square. Plaintiff left under direct threat of arrest, after

informing the police officer present that there was no law prohibiting his conduct. No written exclusion order was issued.

4.33. Plaintiff did not violate any valid law, ordinance, or park rule.

4.34  The events described constitute a pattern of harassment and deprivation of plaintiff's constitutional right to freedom of speech and free exercise of religion by the City of Portland, and of his constitutional right to be free from unreasonable seizures of his person.  Defendant City has acted in contravention of plaintiff's constitutional rights under the First Amendment and the Fourth Amendment pursuant to an official policy of the City, a longstanding practice of the City, or through its deliberate indifference to the protection of plaintiff's constitutional rights.

4.35  Defendant City's deprivation of plaintiff's constitutional rights was effected through (i) its continuing and repeated enforcement of an unconstitutional city ordinance known by the City and its enforcement officers to have been declared unconstitutional on its face, and through (ii) the City establishing and implementing a policy of allowing event organizers to exclude persons from public parks open to the public under compulsion of law for any reason, or no reason, and without a showing of probable cause to believe the person excluded violated any valid government-enacted law, ordinance, or park rule.

4.36  After Judge Kantor's ruling, the City has failed to enact a new ordinance establishing constitutional limits on conduct by attendees at permitted events. Instead, the City has deliberately delegated to the event's private organizer, through the person the organizer designates as  "person in charge," the absolute and standardless discretion to determine who is permitted to make use of a city park during a permitted event open to the public, regardless of whether the individual has violated any law or ordinance, all under the threat of criminal prosecution for trespass. The City has established a pattern and practice of training its police officers to enforce the arbitrary

decisions of private event organizers through arresting plaintiff for trespass and by threatening his arrest for trespass.

4.37 Defendant PCS at all times acted under color of law in managing Pioneer Square by contract with the City of Portland, by providing security personnel and training to event organizers concerning permissible bases for excluding individuals from permitted events. PCS participated in the unlawful deprivation of plaintiff's rights by cooperating and implementing the City's policies and procedures described herein at events conducted at Pioneer Square.

4.38 Defendant PCS deprived plaintiff of his right to freedom of speech and religion under the first amendment, and freedom from unreasonable seizures under the fourth amendment by training event organizers that they could have plaintiff and other similarly situated individuals excluded from Pioneer Square during their events in the absence of any probable cause to believe plaintiff had committed a crime or violated an enforceable ordinance, and by providing event security personnel to assist event organizers in excluding and arresting plaintiff.

## V. IRREPARABLE INJURY

5.1 Unless restrained by the Court, defendants have and will continue to violate plaintiff's right to freedom of speech, religion, and freedom from unreasonable seizure in the manner described in this complaint.

## VI. CLAIMS FOR RELIEF

6.1 The conduct of defendants has violated and continues to violate plaintiff's right to free speech as guaranteed by the first amendment to the United States Constitution for which he seeks redress under 42 USC § 1983.

6.2  The conduct of defendants has violated and continues to violate plaintiff's right to practice his religion as guaranteed by the first amendment to the United States Constitution for which he seeks redress under 42 USC § 1983.

6.3  The conduct of defendants has violated and continues to violate plaintiff's right to be free from unreasonable seizures of his person as guaranteed by the fourth amendment to the United States Constitution for which he seeks redress under 42 USC § 1983.

6.4  Plaintiff is entitled to be awarded his reasonable attorney fees for redress of his grievances, under 42 USC § 1988.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff asks the Court for the following relief:

7.1  To accept jurisdiction of this case and to grant him a jury trial;

7.2  To issue preliminary and permanent injunctions prohibiting defendants from excluding plaintiff from any public street or park, or to arrest or threaten to arrest plaintiff and others similarly situated for exercise of his religious beliefs by speaking freely in the public streets and parks of Portland when the street or park is open to the public, absent probable cause to believe a violation of an Oregon statute, a valid City of Portland ordinance, or a valid City of Portland park rule has occurred.

7.3  To issue preliminary and permanent injunctions to prohibit defendants from counseling park permittees that the person(s) in charge of events open to the public held in city parks have authority to exclude plaintiff or others similarly situated from attendance at events otherwise open to the public absent probable cause to believe a violation of an Oregon statute, a valid City of Portland ordinance, or a valid City of Portland park rule has occurred.

7.4  To issue preliminary and permanent injunctions prohibiting defendants from all further enforcement of PCC 20.08.060.

7.5  To issue preliminary and permanent injunctions prohibiting defendants from excluding plaintiff and others similarly situated for violation of private event rules at permitted events in the Portland public parks that are open to the public.

7.6  To award plaintiff compensatory damages against defendants in an amount to be determined at trial;

7.7  To award plaintiff his costs and attorney fees under 42 USC § 1988; and

7.8  To grant such other relief as is just and appropriate.

Dated this $\underline{29}$ day of January, 2003.

KELLY E. FORD, P.C.

Kelly E. Ford
OSB #87223
503-641-3044
503-641-8757 (FAX)
kford.law@gte.net

Herbert G. Grey
OSB #81025
503-641-4908
503-641-8757 (FAX)
hgrey.law@gte.net

Page 13 - COMPLAINT