IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD GATHRIGHT,

   Plaintiff,

 v.

CITY OF PORTLAND
and PIONEER COURTHOUSE
SQUARE OF PORTLAND, INC.

   Defendants.
_____

Civil No. 03-130-HA

ORDER

HAGGERTY, Chief Judge:

 On April 25, 2005, the court heard oral argument on plaintiff's Motion for Order to Show Cause (Doc. #64). At that time, the court had not reviewed Exhibit 11 to Paul DeParrie's Affidavit (video footage from The Bite filmed on August 14, 2004). The court has now seen the video and finds that Exhibit 11 does not support the City of Portland's

1 -- ORDER

argument. The court grants plaintiff's motion and modifies the permanent injunction as set forth in the April 6, 2004 Opinion and Order as follows:

The City of Portland (the City) is ordered to:

- delete from its event permits the "Rules of Conduct" section and language authorizing "Persons in Charge" to evict or exclude persons from permitted areas – such persons may only be excluded based on probable cause to believe that they have violated a duly enacted statute or ordinance;

- notify all event permit holders that they may not deny entry to plaintiff or any other person similarly situated to any permitted event unless those persons have been previously lawfully excluded from the permit holder's event;

- add a section to the event permits that notifies future permit holders of the court's injunction and the limitations on their ability to exclude persons from their events; and

- notify all Portland police officers of the court's injunction and that the officers may not exclude persons based solely on the direction of the permit holder. The officers need probable cause to believe that such a person has violated a duly enacted statute or ordinance.

In addition, the City and all permit holders are ordered to not place unreasonable time, place, and manner restrictions on plaintiff's speech, or that of others similarly situated to plaintiff. For example, neither the City nor any permit holder shall remove or exclude plaintiff or others similarly situated from an area within a permitted event unless plaintiff or others are causing an insurmountable impediment to pedestrian or vehicular traffic, such that a serious traffic safety concern is present. Neither the City nor any permit holder shall prevent plaintiff or others similarly situated from wearing signs or passing out pamphlets. If the City or the permit holder has created a "free speech zone," or other

similar area, such an area shall not be the only place where plaintiff or others similarly situated are allowed to exercise their free speech rights, but shall be simply an option.

IT IS SO ORDERED.

DATED this __2___ day of May 2005.

_____/s/Ancer L.Haggerty_____
Ancer L. Haggerty
United States District Judge